**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

BRANDON G. ADAMS,

        Plaintiff,

vs.

REBECCA L BURTON, *et al.*,

        Defendants.

Case No. 2:22-cv-00076-APG-VCF

**REPORT AND RECOMMENDATION**

**And**

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 4); COMPLAINT (ECF NO. 1-1)

    Pro se plaintiff Brandon G. Adams filed an application to proceed in forma pauperis (IFP) and complaint. ECF Nos. 1-1 and 4. I grant Adams's IFP application. I recommend that his case be dismissed as frivolous because amendment would be futile.

## DISCUSSION

    Adams's filings present two questions: (1) whether Adams may proceed under 28 U.S.C. § 1915(e) and (2) whether Adams's complaint states a plausible claim for relief.

**I.    Whether Adams May Proceed In Forma Pauperis**

    Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938,

940 (9th Cir. 1981) (citation omitted).

Plaintiff's IFP application includes a declaration under penalty of perjury that he is unable to pay the costs of these proceedings. ECF No. 4. Plaintiff states that he makes $450 per month in take-home pay and has no savings. *Id.* at 2-3. He also owns a 2013 Infiniti G37 and pays $150 a month in child support. *Id*. at 3. I grant plaintiff's IFP application.

**II.     Whether Adams's Complaint States a Plausible Claim**

    **a.  Legal Standard**

Since I grant Adams's IFP application, I must review Adams's complaint to determine whether it is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  A complaint should be dismissed "if it appears

beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; e.g., *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). *Habacon v. Emerald Grande, LLC*, No. 2:19-cv-00165-MMD-PAL, 2019 U.S. Dist. LEXIS 63163, at 3-4 (D. Nev. Apr. 12, 2019).

### b. Plaintiff's Complaint

The defendants in this case are two Nevada state court judges, a Nevada state court clerk, and Yvette K. Adams (apparently the mother of plaintiff's children). Plaintiff takes issue with certain rulings pertaining to his child custody case in state court. Plaintiff brings claims for, "Violations of Due Process, Fraud 18 USC 287, Concealment 18 USC 2071, right to a jury trial under Seventh Amendment, violation of Fundamental Right, Fifth & Fourteenth Amendment and refusal of childrens (sic) dental records and judge refusing to recuse 28 USC 455 and refusing to give oath of office 28 USC 453." ECF No. 1-1 at 4. Plaintiff also alleges that he needs a "Jury Trial under Seventh Amendment, remove Judge Linda Marie Bell & Rebecca L. Burton off present & future cases, grant my NRS 3.475 that was already signed by Rebecca L. Burton and have my children's dental records forwarded to me now and in the future. I want $500,000 for lost (sic) of time and holidays with my 3 children." *Id.* at 4. Plaintiff attached dozens of documents from state court proceedings that appear to be about income-withholding child support proceedings. ECF No. 1-2.

//

3

### i. Recommendation to Dismiss

Plaintiff is dissatisfied with the results of his family law case and seeks this Court's review. It is well-settled that federal district courts do not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). Plaintiff seeks intervention by this court to reverse or amend a state court's rulings regarding his children's dental records, but this Court lacks jurisdiction to do so.

To state a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986). Plaintiff's civil rights claims are all in relation to the actions of Judge Rebecca L. Burton, Judge Linda Marie Bell, and Court Clerk Cecilia Dixon pertaining to his family law case. The United States Supreme Court has repeatedly held that judges and those performing quasi-judicial functions are absolutely immune from damages for acts performed within their judicial capacities. *Stump v. Sparkman*, 435 U.S. 349, 360 (1978); *Nixon v. Fitzgerald*, 457 U.S. 731, 766 (1982). Judges are absolutely immune from a civil suit for damages under § 1983. See *Imber v. Pachtman*, 424 U.S. 409, 435 (1976). Court clerks are entitled to immunity for their actions. "Court clerks have quasi-judicial immunity from damages for civil rights violations when they perform tasks that are integral to the judicial process." See *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979).

Plaintiff complaint fails to state a claim upon which relief can be granted regarding the actions of the judges and the clerk. Plaintiff complains that the state court deprived him of his children's dental records through various rulings and did not give him a jury trial. These actions are all related to tasks that are integral to the judicial process, and the judges and court clerks and are entitled to judicial and/or

quasi-judicial immunity from damages when their actions are integral to judicial process. Plaintiff also cannot state a § 1983 claim against the mother of his children as she is not an official who can act "under color of state law" or deprive the plaintiff of rights secured by the Constitution or federal statutes.

Even under the liberal pleading standard, plaintiff's complaint is 1) fashioned as an appeal of a state court proceeding, which is outside this Court's jurisdiction, 2) his allegations are related to judicial actions which require immunity, 3) his civil rights claims against his Ms. Adams are frivolous. It is clear from the face of the complaint that these deficiencies cannot be cured by amendment. Amendment would be futile, and this case should be dismissed.

I also note that plaintiff has filed multiple duplicative actions in this court, including other actions regarding his family law case in state court.[1] I warn plaintiff that his behavior in this Court is bordering on vexatious.[2]

ACCORDINGLY,

I ORDER that Adams's application to proceed in forma pauperis (ECF No. 4) is GRANTED.

I RECOMMEND that plaintiff's complaint (ECF No. 1-1) be DISMISSED.

I CAUTION plaintiff that continuing to file duplicative and/or frivolous lawsuits may result in adverse consequences, including possible sanctions or a finding that he is a vexatious litigant.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

---

[1] *Adams v. Raghnal et al.*, 2:20-cv-01982-KJD-DJA; *Adams v. Middlesex County, et al.*, 2:20-cv-02112-RFB-BNW; *Adams v. Brown et al.*, 2:21-cv-00979-GMN-BNW; *Adams v. Adams et al.*, 2:21-cv-00503-JAD-NJK.
[2] A district court has the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)).

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 8th day of February 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE